**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone:     415.477.5700
Facsimile:      415.477.5710

*Attorneys for Defendants*
Xactus, LLC and Credit Plus, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THOMAS J. BEAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT PLUS, LLC, individually and as successor in interest to CREDIT PLUS, INC., and XACTUS, LLC; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 5:24-cv-958<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1331, 1441 AND 1446** |

**TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Credit Plus, LLC and Xactus, LLC ("Credit Plus" and "Xactus" respectively, "Defendants" collectively) remove this action from the Superior Court of the State of California for the County of Monterey to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## I.  BACKGROUND

1. Thomas J. Beal ("Plaintiff") commenced the State Court Action against Credit Plus and Xactus on January 18, 2024 by filing a Class Action Complaint in the Superior Court of the State of California for the County of Monterey, Case No. 24-CV-000232 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendants in the State Court Action are attached hereto as **Exhibit A**.

2. On February 6, 2024, Defendants each accepted service by executing and returning their respective Notices and Acknowledgements of Receipt to Plaintiff.

3. This Notice of Removal is being filed within thirty days of service of the Complaint on Defendants. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## II.  BASIS FOR REMOVAL

4. In the Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA") and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRAA") regarding certain credit reporting on consumers.

5. Defendants deny the allegations in the Complaint and deny that Plaintiff has stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant disputed issues of federal law.

6. This Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Such cases are explicitly within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. In the Complaint, Plaintiff alleges that Defendants violated § 1681e(b) of the FCRA. This claim is founded entirely on the FCRA's private right of action for consumers. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the allegations in the Class Action Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.

9. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p. Because Plaintiff seeks to enforce alleged liabilities created under the FCRA, this Court has jurisdiction.

10. This Court also has supplemental jurisdiction over Plaintiff's California Consumer Credit Reporting Agencies Act ("CCRAA") claims under 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

11. Plaintiff's allegations all relate to the preparation of a merged consumer report in relation to Plaintiff's application for a residential mortgage loan. Compl. ¶¶ 26–29, 31–37. According to Plaintiff, Defendants violated both the FCRA and the CCRAA in preparing the same merged report. Compl. ¶¶ 37, 54, 58. Because Plaintiff alleges that the preparation of the same merged report violated both federal and state law, Plaintiff's claims form part of the same controversy.

12. Further, 28 U.S.C. § 1441(c) allows for the removal of an entire action even when removable claims are joined with claims that, on their own, may not be removable. Thus, this Court has supplemental jurisdiction over Plaintiff's CCRAA claim, and may determine all issues raised in the Complaint.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Defendants from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders, including the Complaint, have been served upon either Defendant.

14. Plaintiff provided Defendants with waivers of service for Credit Plus and Xactus around January 19, 2024. On February 6, 2024, Defendants each accepted service by executing and returning their respective Notices and Acknowledgements of Receipt to Plaintiff.

15. Under California law, service is deemed complete on the date the acknowledgment is executed and returned. Cal. Civ. Proc. Code § 415.30(c); *Wagner v. City of S. Pasadena*, 78 Cal. App. 4th 943, 948 (2000). Therefore, formal service of the Complaint was completed on Credit Plus and Xactus on February 6, 2024, when counsel for Credit Plus and Xactus returned Defendants' respective Notices and Acknowledgements of Receipt.

16. Defendants' time to remove was triggered by the completion of formal service and the removal period runs from execution of the waiver. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons."); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018); citing *Murphy Bros., Inc.*, 526 U.S. at 347–48 ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'").

17. Because service on Credit Plus and Xactus was deemed complete on February 6, 2024, removal is timely because it is within thirty days of service of the Complaint, as 28 U.S.C. § 1446(b)(1) requires.

18. Unknown defendants sued as "Does" and any party not served need not be joined in a petition for removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, all defendants who have been properly served and joined consent to this removal of the State Court Action, pursuant to 28 U.S.C. § 1446(b)(2).

19. Venue is proper in this Court because this district encompasses the Superior Court for the State of California, County of Monterey, the forum from which the case has been removed. See 28 U.S.C. § 1441(a).

20. In accordance with 28 U.S.C. § 1446(d), a copy of Defendants' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Monterey.

21. In accordance with 28 U.S.C. § 1446(d), Defendants are also contemporaneously serving this Notice of Removal on Plaintiff.

### IV.    RELATED CASES

22. To the best of Defendants' knowledge, there are no cases relating to the State Court Action pending in this Court.

### V.    RESERVATION OF RIGHTS

23. Defendants deny the allegations contained in Plaintiff's Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court. Further, in making the allegations in this Notice of Removal, Defendants do not concede in any way that the allegations in the Complaint are properly raised against Defendants, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

24. Defendants also reserve the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendants expressly request the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

1  WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California for the County of Monterey to the United States District Court for the Northern District of California and requests such other and further relief as the Court deems appropriate.

Dated: February 16, 2024

TROUTMAN PEPPER
HAMILTON SANDERS LLP

By: */s/ Elizabeth Holt Andrews*
    Elizabeth Holt Andrews

Attorneys for Defendants
Xactus, LLC and Credit Plus, LLC